### NOTASEME HOSIERY CO. v. STRAUS et al.

#### (District Court, S. D. New York. February 9, 1912.)

1. TRADE-MARKS AND TRADE-NAMES ☞85(1)—SUIT FOR INFRINGEMENT—RIGHT TO RELIEF.

A trade-mark is in the nature of a property right which a court of equity will protect from invasion, but he who seeks such relief must himself be free from fraud or misrepresentation.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 94; Dec. Dig. ☞85(1).]

2. TRADE-MARKS AND TRADE-NAMES ☞45, 85(2)—RIGHT TO PROTECTION IN EQUITY—MISREPRESENTATION.

Where complainant registered a trade-mark for hosiery packages consisting only of a device or symbol in different colors, the placing thereon in use of the word "Notaseme," which had been refused registry as a part thereof, in connection with a statement of the registry, constituted a material misrepresentation which invalidated the trade-mark and was a bar to equitable relief.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 53, 59, 94; Dec. Dig. ☞45, 85(2).]

3. TRADE-MARKS AND TRADE-NAMES ☞75—UNFAIR COMPETITION—USE OF SIMILAR LABELS.

The use by defendant of a label on hoisery boxes similar in shape and coloring to complainant's, but differing in the arrangement of the colors and especially in the trade-mark name conspicuously shown thereon, *held* not sufficient to establish unfair competition, in the absence of proof that

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

customers were actually deceived into buying defendants' goods for those of complainant.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 86; Dec. Dig. ☞75.]

In Equity. Suit by the Notaseme Hosiery Company against Isidor Straus and Nathan Straus, doing business as R. H. Macy & Co. On final hearing. Decree for defendants.

Decree reversed, 201 Fed. 99, 119 C. C. A. 134. Subsequent decision, 209 Fed. 495, following that of Circuit Court of Appeals, affirmed 131 C. C. A. 503, 215 Fed. 361, which is reversed by Supreme Court, 240 U. S. 179, 36 Sup. Ct. 288, 60 L. Ed. ——.

D. Frank Lloyd, of New York City (Robert M. Barr and E. Hayward Fairbanks, both of Philadelphia, Pa., of counsel), for complainant.

Wise & Seligsberg, of New York City (Edmond E. Wise, of New York City, of counsel), for defendants.

HAZEL, District Judge. The bill in this case alleges unfair competition in trade and infringement of a trade-mark adopted and used by complainant corporation since October 1, 1907, as a label in connection with the manufacture and sale of hosiery. There is attached to the statement and declaration a sketch or drawing of the trade-mark which consists of a square having a black band extending diagonally from the left-hand upper corner to the lower right corner of the design, and a triangular space or panel above and below the band printed in red. There is no other mark, lettering, or coloring specified in the application filed December 14, 1907, and registered May 4, 1909, though the evidence shows that the mark as used by the complainant has printed upon the band in white script the word "Notaseme," and on a flourished ending of the script are printed the words "Trade-Mark," while the words, "Reg. U, S. Pat. Off.," are in small type underneath the design, as required by statute. The drawing also shows a narrow white border on either side of the diagonal band, but in actual use such border is of decorative gold.

The alleged infringement of the registered trade-mark consists in the adaptation and use by the defendants of labels for their boxes, cartons, and advertisements in connection with the sale of stockings, which comprise a rectangular design with a diagonal black band extending across and dividing it into an upper and lower panel or space; each being red in color. On the black band the trade-mark, "Irontex," is conspicuously printed in white script, and in the upper panel is inserted in black type, "The hose that," and in the lower panel the words, "wears like iron." The band upon which the word, "Irontex," is printed extends from the lower left-hand corner to the upper right-hand corner.

The evidence produced shows that the defendants adopted their trade-mark and label about six months after the adoption of the trade-mark by complainant. If the trade-mark or label in controversy is valid, the defendants have not the right to appropriate it in conjunction

with the sale of a like vendible commodity by either copying, imitating, or simulating it. But the defendants contend that the principal characteristic of complainant's trade-mark was the word, "Notaseme," which was refused registration by the Patent Office on account of its descriptive character; that complainant in legal effect disclaimed such word as an element of the combination comprising the trade-mark; and that the continuance of the use of the word, "Notaseme," in connection with the representation that such word was also an element of the registered trade-mark, renders the latter invalid. Whether the contention comes within the rule of the decisions to which attention is directed is a question not altogether free from difficulty.

[1, 2] To merely display the word, "Notaseme," on the face of the design, would not disentitle the complainant to relief, but the addition of the words, "Trade-Mark," printed on the flourished ending of the script, was, I think, a material misrepresentation. It is a well-established rule of law that a trade-mark is in the nature of a property right which a court of equity will protect from invasion, but he who seeks relief must himself be free from fraud or misrepresentation. Prince Mfg. Co. v. Prince's Metallic Paint Co., 135 N. Y. 24, 31 N. E. 990, 17 L. R. A. 19; Preservaline Mfg. Co. v. Heller Chem. Co. (C. C.) 118 Fed. 103. Ordinarily, misrepresentations to the public arise from statements appearing on the trade-mark relating to the materials composing the manufactured article and the place of manufacture. Manhattan Medicine Co. v. Wood, 108 U. S. 218, 2 Sup. Ct. 436, 27 L. Ed. 706. In Holzapfel's Co. v. Rahtjen's Co., 183 U. S. 1, 22 Sup. Ct. 6, 46 L. Ed. 49, a principle is enunciated by the Supreme Court which is determinative of this question and which seems to broadly include a false claim or a misrepresentation of the character appearing on the face of complainant's trade-mark. In that case it was held that no right to a trade-mark which includes the word "patent" or describes the article as "patented" can arise when the article is unpatented, and the Supreme Court said:

"A symbol or label claimed as a trade-mark, so constituted or worded as to make or contain a distinct assertion which is false, will not be recognized, nor can any right to its exclusive use be maintained."

There are earlier cases in the lower federal courts holding that there can be no title in a trade-mark which operates to mislead or deceive the public, and that the defendant may avail himself of such deception by answer, even though infringement is imputable to him. Consolidated Fruit-Jar Co. v. Dorflinger, Fed. Cas. No. 3,129. And in Preservaline Mfg. Co. v. Heller Chem. Co., supra, Judge Kohlsaat denied equitable relief in an unfair competition case where no false statements were made in connection with the trade-mark or packages, but where it appeared that in advertising circulars the word "patented" was used in relation thereto. While it is true that the misrepresentation in each instance in the cases cited implied that the article was patented, or that the patent had not expired, still it seems to me that the same principle as emphasized in the Holzapfel Case applies here. The exclusive right to the use of the word, "Notaseme," was apparently

disclaimed in the Patent Office, and yet the complainant continued to use such word at the same time, claiming it was a feature of the combination comprising the registered trade-mark. Such misrepresentation by complainant invalidates the registered trade-mark and operates as a bar to equitable relief from the asserted infringement by the defendants.

[3] The next ground for relief to be disposed of is whether, notwithstanding the invalidity of the trade-mark the defendants are guilty of unfair dealing in trade. That there is in defendant's label a resemblance to complainant's label would seem to be apparent on comparison. The form or shape of the label, the diagonal black band, the red panels, and the white lettered inscription on the band, tend to create the impression that the labels used on the boxes containing the defendants' hosiery are the labels of the complainant; but the resemblance or similarity is not thought sufficiently close to justify the presumption of an intention by the defendants to mislead the ordinary buyer into buying their goods when he intended to buy those of the complainant. The variations made by the defendants in their label, though probably not a complete differentiation, nevertheless were sufficient to require proof that some individual buyer had been deceived.

Complainant produced testimony of specific sales to show that there was a palming off of the goods of the defendant for those of the complainant, but I am left unpersuaded by such testimony. The witness Keefe swears that he bought stockings at defendants' store on three different occasions. On the first and second visits to the defendants' store he pointed out to the saleswoman the box of hosiery he wanted to buy, and he swears he does not recall what was said by either the salewoman or himself at the time of the purchase, or what happened on any of the occasions in relation to which he testifies. It appears that he made a report in writing to the complainant of a purchase of stockings on July 19, 1910, wherein he stated that he had asked the saleswoman for a pair of "Notaseme" hose, and he purchased the hose delivered to him by the saleswoman, which were those of the defendants. The exhibit report was not used by him to refresh his recollection or in relation to the said purchase, and it is therefore not entitled to consideration as evidence tending to establish the fact. At the time of such claimed purchase, he was accompanied by a friend who had been instructed to observe the transaction with the view of later becoming a witness if necessity arose. Such witness, however, is not produced.

Evidence has been given by the defendants to show that their labels, which they placed on the front ends of the boxes containing their hosiery, were of rectangular shape, and that, in addition thereto, they placed on the front ends of the covers of the boxes another label which had printed on it in clear type the name, "Macy's"; that after the adoption of their trade-mark, "Irontex," they extensively advertised it in the newspapers of New York City in connection with the sale of stockings and created a demand for the particular kind of stockings sold by them. Under the circumstances, I am satisfied that no

confusion resulted from the similarity of the two labels, and that the substitution of the defendants' goods for those of the complainant is not proven.

The bill is dismissed, with costs.